085153.0014(207)     RMC:lab     #397

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| **OWNERS INSURANCE COMPANY,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) |
| | ) |
| **KPLEX HOLDINGS, LLC,** an Illinois limited liability company, **JAMES F. KROEGER,** and **GRUPPAZZA, LLC,** an Illinois limited liability company, | ) ) ) ) |
| **Defendants.** | ) |

## COMPLAINT FOR DECLARATORY JUDGMENT

Now comes the Plaintiff, Owners Insurance Company, by and through its attorney, Robert Marc Chemers of Pretzel & Stouffer, Chartered, and for its Complaint for Declaratory Judgment against the Defendants, KPLEX Holdings, LLC, an Illinois limited liability company, James F. Kroeger, and Gruppazza, LLC, an Illinois limited liability company, alleges the following:

### JURISDICTION

1.     The jurisdiction of this Court is premised upon 28 U.S.C. § 1332 because there is complete diversity of citizenship between the parties and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs, in this action seeking a declaration of no insurance coverage.

## VENUE

2. Venue is premised upon 28 U.S.C. § 1391 as the Defendants are residents of this District.

## THE PARTIES

3. Owners Insurance Company ("Owners") is a Michigan corporation, which maintains its principal place of business in Lansing, Michigan, and which at all times herein relevant was licensed to and which did transact insurance business in the State of Illinois and elsewhere.

4. KPLEX Holdings, LLC ("KPLEX") is an Illinois limited liability company which maintains its principal place of business in Chicago, Illinois.

5. James F. Kroeger ("Kroeger") is the Manager of KPLEX, and he is a resident and citizen of the State of Illinois. KPLEX and Kroeger collectively will be referred to as "the Insureds."

6. Gruppazza, LLC ("the underlying Plaintiff") is the plaintiff in a certain action brought against the Insureds in another Court, which action is more fully described below, and which has been joined herein as a party to the extent that it is interested. Owners seeks no relief from the underlying Plaintiff, which has been joined as a defendant solely to be bound by the judgment to be rendered in this cause, and Owners will seek to voluntarily dismiss the underlying Plaintiff if it stipulates and agrees to be bound by the judgment to be entered in this action. The underlying Plaintiff is an Illinois limited liability company with its principal place of business in Chicago, Illinois. The

Manager of the underlying Plaintiff is Stefano Casati, who is a resident and citizen of the State of Illinois.

## THE INSURANCE POLICY

7. Owners issued its policy of insurance numbered 184604-08677694-23 to KPLEX as named insured. The Tailored Protection Insurance Policy provided for, among other things, Commercial General Liability Insurance on a primary basis for the effective period of March 19, 2023 to March 19, 2024. A true and correct copy of the Owners policy is attached hereto, made a part hereof and is marked as Pleading Exhibit A.

## THE UNDERLYING LITIGATION

8. An action for damages and other relief was filed against KPLEX and Kroeger by the underlying Plaintiff, which operated a restaurant, Casati's Modern Italian, in certain premises leased to it by KPLEX on the ground floor at 444 West Fullerton in Chicago, Illinois. The underlying Plaintiff seeks damages for injuries allegedly sustained by it due to the Insureds' alleged knowing, fraudulent, purposeful, and intentional conduct. The underlying Plaintiff sued KPLEX and Kroeger for fraudulently inducing the underlying Plaintiff to enter a commercial lease (Count I), and it seeks damages from KPLEX for breach of contract (a lease) (Count II), an accounting (Count III), and constructive eviction from a part of the premises and an abatement of rent (Count IV), in its Complaint filed in the Circuit Court of Cook County, Illinois, brought under Cause No. 24 L 1760. A true and correct copy of the Complaint against the Insureds in the

aforesaid action is attached hereto, made a part hereof and is marked as Pleading Exhibit B.

9. The underlying Plaintiff alleges that there was fraud in the inducement to lease certain premises by concealing that the premises suffered prior water damage, and that the premises sustained ongoing water intrusion and damage stemming from water permeating from outside the premises. It is alleged that the Insureds knew that the premises were not in tenantable condition due to ongoing water problems and leaks, and that the Insureds replaced the ceiling tiles to conceal the water damage and the ongoing water leaking but did not repair the source of the leaks, and overall intentionally concealed water leaking issues from the underlying Plaintiff, all of which more fully appears in its Complaint attached hereto.

10. The underlying Plaintiff alleges that KPLEX breached the lease by its failure to maintain and repair the premises, resulting in water leaking from the ceiling, flooding, and backing up into the premises, all of which more fully appears in the Complaint attached hereto as Pleading Exhibit B.

11. The underlying Plaintiff, based on the same core of operative facts, seeks an accounting from KPLEX, and rent abatement due to a portion of the premises being unable to be used due to the water leaking issues, all of which more fully appears in Counts III and IV of the Complaint attached hereto as Pleading Exhibit B.

12. KPLEX and Kroeger tendered their defense to Owners, which refused the tender for the reasons set forth herein.

## COUNT I
### (DECLARATORY JUDGMENT RE: NO DUTY TO DEFEND)

13. Owners adopts and repeats the allegations of ¶¶ 1 through 12 as and for ¶ 13 hereof as though the same were fully set forth herein.

14. While the Owners policy, Pleading Exhibit A, extends coverage to an insured for "bodily injury" and "property damage," as defined therein, the claims in the action by the underlying Plaintiff against the Insureds are not covered by the Owners policy of insurance.

15. The Owners policy provides in its Insuring Agreement for "bodily injury" and "property damage" as follows (Ex. A. at 123):

> **COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABLITY**
>
> **1. Insuring Agreement**
>
> **a.** We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. But:
>
> **(1)** The amount we will pay for damages is limited as described in Section **III** - Limits Of Insurance; and
>
> **(2)** Our right and duty to defend ends when we have used up the applicable limit of insurance in the payment of judgments or settlements under

      Coverages **A** or **B** or medical expenses under Coverage **C**.

      No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments - Coverages **A** and **B**.

  **b.** This insurance applies to "bodily injury" and "property damage" only if:

    **(1)** The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

    **(2)** The "bodily injury" or "property damage" occurs during the policy period; and

    **(3)** Prior to the policy period, no insured listed under Paragraph **1**. of Section **II** - Who Is An Insured and no "employee" authorized by you to give or receive notice of an "occurrence" or claim, knew that the "bodily injury" or "property damage" had occurred, in whole or in part. If such a listed insured or authorized "employee" knew, prior to the policy period, that the "bodily injury" or "property damage" occurred, then any continuation, change or resumption of such "bodily injury" or "property damage" during or after the policy period will be deemed to have been known prior to the policy period.

  16. The Owners policy provides in its Insuring Agreement for "personal and advertising injury" as follows (Ex. A. at 127):

6

**COVERAGE B PERSONAL INJURY AND ADVERTISING INJURY LIABILITY**

    **1.**    **Insuring Agreement**

        **a.**    We will pay those sums that the insured becomes legally obligated to pay as damages because of "personal and advertising injury" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking those damages for "personal and advertising injury" to which this insurance does not apply. We may, at our discretion, investigate any offense and settle any claim or "suit" that may result. But:

            **(1)**    The amount we will pay for damages is limited as described in Section III - Limits Of Insurance; and

            **(2)**    Our right and duty to defend end when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverage **A** or **B** or medical expenses under Coverage **C**

        No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments - Coverages **A** and **B**

        **b.**    This insurance applies to "personal and advertising injury" caused by an offense arising out of your business but only if the offense was committed in the "coverage territory" during the policy period.

    17.    The Owners policy defines certain terms used in the Insuring Agreements set forth in ¶¶ 15 and 16 hereof as follows (Ex. A. at 133-36):

        **1.**    "Advertisement" means a notice that is broadcast or published to the general public or specific market segments about your goods, products or services for the purpose of attracting customers or supporters. For the purposes of this definition:

7

      **a.**    Notices that are published include material placed on the Internet or on similar electronic means of communication; and

      **b.**    Regarding websites, only that part of a website that is about your goods, products or services for the purposes of attracting customers or supporters is considered an advertisement;

* * * * *

**3.**    "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.

* * * * *

**13.**    "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

**14.**    "Personal and advertising injury" means injury, including consequential "bodily injury," arising out of one or more of the following offenses:

      **a.**    False arrest, detention or imprisonment;

      **b.**    Malicious prosecution;

      **c.**    The wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person occupies, committed by or on behalf of its owner, landlord or lessor;

      **d.**    Oral or written publication, in any manner, of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services;

8

  **e.** Oral or written publication, in any manner, of material that violates a person's right of privacy;

*   *   *   *   *

17. "Property damage" means:

  **a.** Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

  **b.** Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

For the purposes of this insurance, electronic data is not tangible property.

As used in this definition, electronic data means information, facts or programs stored as or on, created or used on, or transmitted to or from computer software, including systems and applications software, hard or floppy disks, CD-ROMS, tapes, drives, cells, data processing devices or any other media which are used with electronically controlled equipment.

18. The Owners policy excludes coverage for "personal injury," if any has been alleged, in various exclusions, including the following (Ex. A at 127-28):

This insurance does not apply to:

  **a.** **Knowing Violation Of Rights Of Another**

    "Personal and advertising injury" caused by or at the direction of the insured with the knowledge that the act would violate the rights of another and would inflict "personal and advertising injury".

9

* * * * *

  **f.**  **Breach Of Contract**

    "Personal and advertising injury" arising out of a breach of contract, except an implied contract to use another's advertising idea in your "advertisement".

19. Owners contends that it has no duty or obligation under its policy to defend KPLEX and Kroeger in connection with the claims made against them by the underlying Plaintiff for one or more or all of the following reasons:

  (a) That the Complaint does not allege "bodily injury" as defined by the policy of insurance.

  (b) That the Complaint does not allege "property damage" as defined by the policy of insurance.

  (c) That the Complaint does not allege an "occurrence," that is, accidental conduct which caused "property damage" as defined by the policy of insurance.

  (d) That the Complaint does not allege "personal and advertising injury" as defined by the policy of insurance and does not allege an offense which constitutes "personal injury" as defined by the policy of insurance.

  (e) That the policy does not cover a claim for intentional fraud as alleged in the Complaint.

  (f)  That the policy does not cover a claim for breach of a lease agreement as alleged in the Complaint.

  (g)  That the policy does not cover a claim for accounting as alleged in the Complaint.

  (h)  That if the Complaint alleged an offense which constitutes "personal and advertising injury" as defined by the policy of insurance, it is excluded by one or more exclusions to Coverage B in the policy of insurance.

  (i)  That the Complaint does not allege an "occurrence," that is, an accident, as only intentional, fraudulent, knowing and purposeful conduct has been alleged against the Insureds by the underlying Plaintiff.

  (j)  That the Complaint seeks damages only for intentional, fraudulent, knowing, and purposeful conduct in each count which are not covered by the policy of insurance issued to KPLEX by Owners.

  20.  The above contentions of Owners are, on information and belief, denied by the Insureds who, in turn, contend that each is entitled to coverage under the Owners policy of insurance. Owners, in turn, denies the contrary contentions of the Insureds and each of them.

21. By reason of the foregoing, an actual and justiciable controversy exists between the parties and each of them, which may be determined by a judgment or order of this Court. Pursuant to the terms and provisions of 28 U.S.C. 2201 and 2202, this Court has the power to declare and adjudicate the rights and liabilities of the parties hereto under the terms and provisions of the policy of insurance referred to herein, and to adjudicate the final rights of all parties and to give such other and further relief as may be necessary to enforce the same.

### PRAYERS FOR RELIEF

**WHEREFORE**, the Plaintiff, Owners Insurance Company, prays that this Court enters judgment finding and declaring the rights of the parties as follows:

### AS TO COUNT I:

A. That Owners Insurance Company has no duty or obligation to provide a defense to KPLEX Holdings, LLC and James F. Kroeger for the action filed by Gruppazza, LLC brought under Cause No. 24 L 1760 in the Circuit Court of Cook County, Illinois, under its policy of insurance numbered 184604-07677694-23.

B. That the Court grant Owners Insurance Company such other and further relief as the Court deems fit and just under the circumstances.

C. That Owners Insurance Company be awarded and have and recover its just and reasonable costs incurred herein and have execution issue therefor.

Respectfully submitted:

*/s/ Robert Marc Chemers*
Robert Marc Chemers
Bar No. 0431508
PRETZEL & STOUFFER, CHARTERED
200 South Wacker Drive
Suite 2600
Chicago, Illinois 60606
Telephone: (312) 578-7548
Fax: (312) 346-8242
E-Mail: rchemers@pretzel-stouffer.com